DECISION
Plaintiff-appellant, Raymond L. Eichenberger, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing plaintiff's motion for reallocation of parental rights and responsibilities and finding California to be the proper forum to consider the motion.
Plaintiff and defendant-appellee, Diane W. Eichenberger, nka Stull, were married December 1986. The parties had one child, Stephanie, born October 6, 1987. Defendant moved to California with Stephanie in April 1994. In August 1994, plaintiff filed a divorce action in Franklin County, and in November 1994, a divorce decree was issued that granted plaintiff custody of Stephanie. The judgment was later vacated. Defendant filed a divorce action in California which determined it had jurisdiction as to the divorce, but Ohio had jurisdiction as to custody of Stephanie. On November 3, 1995, defendant was granted a divorce by the Superior Court of San Joaquin County in California, and on August 1, 1997, Franklin County granted defendant custody of Stephanie.
On January 19, 2000, plaintiff filed a motion in Franklin County for reallocation of parental rights and responsibilities; defendant responded with a motion for change of venue. Pursuant to a hearing held to determine jurisdiction, the magistrate issued a decision, concluding (1) Ohio had jurisdiction, (2) Ohio was an inconvenient forum, and (3) California was a more appropriate forum. The magistrate thus dismissed plaintiff's and defendant's motions. Plaintiff timely filed objections to the magistrate's decision, but the trial court adopted the magistrate's decision. Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DISMISSING THE MOTION OF THE APPELLANT IN THAT CASE LAW IS CLEAR THAT OHIO HAS EXCLUSIVE JURISDICTION OVER THE PARTIES AND THE CHILD. THE STATE OF OHIO CANNOT CEDE JURISDICTION OF THE MOTION TO ANOTHER STATE DUE TO ALLEGED INCONVENIENT FORUM.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DISMISSING THE MOTION OF THE APPELLANT FOR MODIFICATION OF PARENTAL RIGHTS RATHER THAN TRANSFERRING THE MOTION TO CALIFORNIA.
Plaintiff's first assignment of error asserts the trial court abused its discretion in dismissing plaintiff's motion for reallocation of parental rights and responsibilities. Plaintiff contends the trial court had exclusive jurisdiction and was without authority to relinquish its jurisdiction.
R.C. 3109.22 sets forth when an Ohio court has jurisdiction over custody matters. A court that has jurisdiction pursuant to R.C. 3109.22
nonetheless can decline to exercise its jurisdiction pursuant to R.C.3109.25, which provides in relevant part:
 (A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum.
 (B) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
 (C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:
 (1) If another state is or recently was the child's home state;
 (2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
 (3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
 (4) If the parties have agreed on another forum that is no less appropriate.
Although it found it had jurisdiction under R.C. 3109.22, the trial court further concluded Ohio was an inconvenient forum, given the factors set forth in R.C. 3109.25(C). Relying on Justis v. Justis (1998),81 Ohio St.3d 312, plaintiff contends that because Ohio had exclusive jurisdiction over the custody issues, the trial court erred in dismissing his motion. Justis is not dispositive of plaintiff's appeal.
In Justis, Ohio issued the initial custody decree. The custodial parent, with permission from the court, moved to North Carolina. While in North Carolina, the custodial parent sought to modify Ohio's custody decree by filing a motion in North Carolina. Ohio however, maintained that it had continuing jurisdiction and North Carolina was not the proper forum.
Justis acknowledged that the Uniform Child Custody Jurisdiction Act ("UCCJA"), adopted in Ohio pursuant to R.C. 3109.21 to 3109.27, was drafted to resolve interstate custody disputes. Although UCCJA can be interpreted to allow two states to exercise concurrent jurisdiction, the Parental Kidnapping Prevention Act ("PKPA") mandates that states afford full faith and credit to valid child custody orders of another state. See Justis, supra. Justis concluded that, in so doing, the PKPA provides for exclusive jurisdiction, thus eliminating the possibility of states claiming concurrent jurisdiction: "[A] state court that has rendered an initial custody decree has exclusive jurisdiction over the ongoing custody dispute if that state has continuing jurisdiction." Id. at 318. Because Ohio issued the initial custody decree, and had jurisdiction under R.C. 3109.22, the Supreme Court in Justis concluded Ohio had exclusive jurisdiction under the UCCJA and the PKPA.
Justis, however, found that another state could modify an existing parenting decree under limited circumstances: "In order for one state to modify an existing parenting decree, or child custody decree (as it is referred to in the PKPA), from another state, (1) the state seeking to modify the decree must have jurisdiction to make a child custody determination, and (2) the original state must no longer have jurisdiction, or must have declined to exercise such jurisdiction. Both prongs of this test must exist." Id. at 317. Justis thus implicitly recognized a court's ability to decline its jurisdiction.
Here, Ohio and California are not claiming competing jurisdiction, so the PKPA is not implicated so as to require a determination of exclusive jurisdiction. See Conner v. Renz (Dec. 29, 1994), Athens App. No. 94CA1605, unreported ("The PKPA is violated only where two states are advancing conflicting jurisdictional claims"). Moreover, even if, as plaintiff suggests, Ohio had exclusive jurisdiction due to application of the UCCJA and the PKPA, Justis does not address, much less prevent an Ohio court from declining to exercise that jurisdiction pursuant to R.C.3109.25. Indeed, under the parameters Justis set forth, California could modify the Ohio decree because (1) Ohio has declined jurisdiction, and (2) California can assert jurisdiction under the UCCJA due to Stephanie having lived there for some time, thereby making California her home state.
Plaintiff nonetheless contends the trial court abused its discretion in dismissing his case for the reason that Ohio is an allegedly inconvenient forum. A reviewing court will not reverse a lower court's exercise of discretion in determining jurisdictional issues involved in an interstate custody visitation dispute, absent an abuse of discretion. Durgans v. Durgans (Feb. 9, 2001), Portage App. No. 2000-P-0026, unreported. An abuse of discretion connotes more than an error of law; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Pursuant to R.C. 3109.25, a court with jurisdiction may decline to exercise jurisdiction if it finds that Ohio is not a convenient forum and another court of another state is a more appropriate forum. See In the Matter of Aaron Smith and Joseph Rhodes (Dec. 4, 1998), Ashtabula App. No. 98-A-0033, unreported. The magistrate found under R.C. 3109.25(C) that Ohio was an inconvenient forum and that California would be the more appropriate forum, specifically making the following findings in support of its decision: "Stephanie has resided in California for at least the last six years; that much more information relating to Stephanie's present and future care, protection, training and personal relationships is available in California than in Ohio (including her medical and educational records); and that California has a closer connection than Ohio with Stephanie and her family, including her mother. *** [I]t is not in the best interests of Stephanie Eichenberger (dob 10/6/87) that this Court exercise jurisdiction over the motions now pending between the parties. Said motions should be filed and litigated in the home state of the minor child of the parties, which is California." (Magistrate's Decision.)
The findings are supported by the record, and further conform to the statutory considerations. The trial court was within its authority to relinquish jurisdiction upon finding that Ohio was an inconvenient forum. See Conner, supra (finding that South Carolina was the more appropriate forum where the children had resided there for more than two years, were enrolled in school, and had established relationships and activities there, rendering South Carolina their home and the situs of the most substantial evidence of present or future care and protection). Accordingly, plaintiff's first assignment of error is overruled.
Plaintiff's second assignment of error asserts the trial court erred in dismissing his motion rather than transferring it to California. R.C.3109.25(E) provides in relevant part:
 If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions that may be just and proper ***. (Emphasis added.)
On finding Ohio to be an inconvenient forum, the trial court thus had discretion to dismiss the proceedings. See Longfellow v. Ezzell (Mar. 3, 2000), Ashtabula App. No. 99-A-0001, unreported. Moreover, plaintiff did not ask the trial court to transfer the case to California. Indeed, plaintiff's entire argument was premised on California's lack of jurisdiction. Having failed to request relief in the trial court, plaintiff cannot properly assert the trial court abused its discretion in failing to grant the unrequested relief. The trial court was within its statutory authority to dismiss plaintiff's motion.
We note, however, R.C. 3109.25(H) mandates that upon dismissal of proceedings, the trial court must so inform the court found to be the more appropriate forum. Nothing in the record indicates the trial court notified California of this fact. Moreover, R.C. 3109.36(A) mandates that an Ohio court forward certain documents upon request from another court. While plaintiff does not raise those issues on appeal, we note them only to point out plaintiff is not without total recourse. Nonetheless, given the legal and factual parameters of plaintiff's second assignment of error, it is overruled.
Having overruled plaintiff's two assigned errors, we affirm the judgment of the trial court.
 _____________________ BRYANT, P.J.
KENNEDY and DESHLER, JJ., concur.